IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARA HEFLIN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:15-cv-01029 |
| DEUTSCHE BANK AS TRUSTEE AND | § | |
| OCWEN LOAN SERVICING, | § | |
| | § | |
|    Defendant. | § | |

### Notice of Removal of Civil Action

Defendants Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates, Series 2007-HE1 ("Deutsche Bank"),[1] and Ocwen Loan Servicing, LLC ("Ocwen")[2] (collectively "Defendants"), hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### I.  Introduction

1. On March 9, 2015, Plaintiff Kara Heflin ("Plaintiff") filed an Original Petition and Verified Application for Ex Parte Temporary Restraining Order (the "Complaint") against Defendants, in the 410th Judicial District Court of Montgomery County, Texas, styled *Kara Heflin v. Deutsche Bank as Trustee and Ocwen Loan Servicing*, Cause No. 15-03-02364 (the "State Court Action").[3]

---

[1] Incorrectly named as "Deutsche Bank as Trustee" in Original Petition and Verified Application for Ex Parte Temporary Restraining Order.

[2] Incorrectly named as "Ocwen Loan Servicing" in Original Petition and Verified Petition for Ex Parte Temporary Restraining Order.

[3] *See* **Exhibit A-2**, Original Petition and Verified Petition for Ex Parte Temporary Restraining Order (cited herein as "Compl.").

2. In the action, Plaintiff alleges violations of the Dodd-Frank Act, as well as fraud and wrongful foreclosure.[4] Plaintiff seeks to quiet title and temporarily restrain and permanently enjoin Defendants from evicting Plaintiff and her family from the property located at 11133 Lake Drive West, Willis, Texas 77378 (the "Property").[5] Plaintiff also seeks actual damages and statutory damages.[6]

3. To date, Plaintiff has not served Defendants. Thus, this Notice of Removal is timely because thirty (30) days have not expired since service was made on Defendants, making removal proper in accordance with 28 U.S.C. § 1446(b).

## II.     Basis for Removal: Diversity Jurisdiction

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists.**

5. Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332. Plaintiff is domiciled in Montgomery County, Texas and is therefore a citizen of Texas for the purposes of diversity jurisdiction.

6. Defendant Deutsche Bank is the trustee of a trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee that controls, not the citizenship of the beneficiaries of the trust.[7] Deutsche Bank's main office is located in California, as specified in its articles of association. In *Wachovia Bank, N.A. v.*

---

[4] *See* Compl. ¶¶ 12-16.

[5] *See* Compl. ¶¶ 11, 15, 17.

[6] *See* Compl. ¶¶ 16-17.

[7] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. & Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008).

*Schmidt*, the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.[8] Therefore, Deutsche Bank is a citizen of California.

7. Defendant Ocwen is a Delaware limited liability company with its principal place of business in Florida. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.[9] The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc. Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands, the territory in which it is incorporated. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands.

8. Therefore, complete diversity exists because Plaintiff is a citizen of Texas, Deutsche Bank is a citizen of California, and Ocwen is a citizen of the U.S. Virgin Islands.[10]

**B.  Amount in Controversy Exceeds $75,000.**

9. Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[11] When a plaintiff seeks declaratory judgment or injunctive relief, "the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'"[12] Moreover, when "a right to property is called into question in its entirety, the value of the property controls the

---

[8] *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see* 28 U.S.C. § 1348.

[9] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

[10] *See* 28 U.S.C. § 1332(a)(1).

[11] *Garcia v. Koch Oil Co. of Tex., Inc*., 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[12] *McDonald v. Deutsche Bank Nat'l Trust Co*, No. 3:11-cv-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

amount in controversy."[13] And, where the object of the litigation is the protection of an entire property, the fair market value of the property is the proper measure of the amount in controversy.[14]

10. Here, Plaintiff's Complaint requests injunctive relief to prevent Defendants from evicting Plaintiff and her family from the Property.[15] Therefore, the fair market value of the Property is the proper measure of the amount in controversy.[16] The market value of the Property for 2015, as determined by the Montgomery County Appraisal District, is $150,330.[17] In addition, Plaintiff seeks actual damages and statutory damages.[18] Accordingly, based on the value of the relief sought by Plaintiff in her Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III.  Basis for Removal: Federal Question

**A.    Original Jurisdiction**

11. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[19] Under 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.[20] Additionally, a case arises under 28 U.S.C. § 1331 if "a well-

---

[13] *McDonald*, 2011 WL 6396628, at *2 (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

[14] *Martinez v. BAC Home Loans Servicing, L.P.*, 777 F. Supp. 2d 1039 (W.D. Tex. 2010).

[15] *See* Compl. ¶¶ 9-11, 17.

[16] *See, e.g.*, *Azzam v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-4616, 2011 WL 149350, at *2-3 (S.D. Tex. Jan. 18, 2011).

[17] *See* Montgomery County Appraisal District Summary at **Exhibit C**, attached hereto and incorporated herein by reference. It is appropriate for the Court to take judicial notice of the appraised value of the Property because it is a matter of public record and the information is capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[18] *See* Compl. ¶¶ 16-17.

[19] 28 U.S.C. § 1441(a).

[20] *Id.* § 1331.

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[21]

12. Here, Plaintiff alleges Defendants violated the federal Dodd-Frank Act, some of which is actionable under the Real Estate Settlement Procedures Act ("RESPA"), also a federal statute.[22] For example, Plaintiff alleges: "If the Defendants did have the right to foreclose, Defendants failed to comply with the requirements that it afford an opportunity to resolve issues before foreclosure in accordance with the law."[23] Plaintiff appears to be attempting to state a claim for alleged violation of Regulation X,[24] concerning loss mitigation efforts, and for which a private cause of action exists under RESPA, 12 U.S.C. § 2605. Regulation X sets forth procedures for a servicer to evaluate a borrower's loss mitigation application for loss mitigation options available to a borrower.[25] A borrower may seek damages for violations under 12 U.S.C. § 2605(f).[26]

13. Consequently, Plaintiff's Complaint asserts a federal question, and Plaintiff could have originally brought this action in federal court. Removal of this entire cause is therefore proper under 28 U.S.C. § 1441(c). Additionally, as detailed below, the Court has supplemental jurisdiction over Plaintiff's state law claims.[27]

B. **Supplemental Jurisdiction**

14. In addition to Plaintiff's federal claims, this Court has jurisdiction over Plaintiff's

---

[21] *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citation omitted).

[22] *See* Compl. ¶¶ 4, 16; *see also* 12 U.S.C. § 2605; 12 C.F.R. § 1024.41.

[23] *See* Compl. ¶ 16.

[24] *See* 12 C.F.R. § 1024.41.

[25] *See id.*

[26] *See id.* § 1024.41(a).

[27] 28 U.S.C. § 1367 (2012).

state law claims against Defendants under 28 U.S.C. § 1367(a).[28] As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction."[29] It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[30] This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[31]

15.  All of Plaintiff's claims arise out of Defendants' allegedly improper foreclosure upon the Property.[32] Plaintiff's state law claims against Defendants therefore share a common nucleus of operative facts with, and form part of the same case or controversy as, Plaintiff's federal allegations. Because Plaintiff's state law claims against Defendants are based on the same factual allegations as Plaintiff's federal claims, supplemental jurisdiction exists over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[33] It is therefore appropriate for Defendants to remove the State Court Action to this Court and for the Court to exercise jurisdiction over all of Plaintiff's claims.[34]

### IV. Venue

---

[28] *Id.* § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

[29] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

[30] *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).

[31] *Id.* at 806.

[32] *See generally* Compl.

[33] *See* 28 U.S.C. § 1367(a); *Villarreal v. J.P. Morgan Chase Bank, N.A.*, 720 F. Supp. 2d 806, 808 (S.D. Tex. 2010).

[34] *See Jamal*, 97 F. Supp. 2d at 806.

16. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(b)(2) because this district and division embrace the 410th Judicial District Court of Montgomery County, Texas, the forum in which the State Court Action was pending.

17. Plaintiff has not demanded a jury trial.

## V.   Additional Requirements

18. Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1:** | Copy of the docket sheet; |
| **Exhibit A-2-6:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel; and |
| **Exhibit C:** | Montgomery County Appraisal District Summary. |

19. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Montgomery County, Texas.

20. Therefore, Defendants give notice that the above-referenced action now pending against them in the 410th Judicial District Court of Montgomery County, Texas has been removed to this Court.

Respectfully submitted,

By:   */s/ Courtney L. Stahl*
    **Kari Robinson, Attorney-in-Charge**
    Texas Bar No. 24004891
    Federal Bar No. 24144
    **Courtney L. Stahl**
    Texas Bar No. 24088463
    Federal Bar No. 2192857
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, P.C.**
    1301 McKinney Street
    Suite 3700
    Houston, Texas 77010
    (713) 650-9700 – Telephone
    (713) 650-9701 – Facsimile
    klrobinson@bakerdonelson.com
    cstahl@bakerdonelson.com

    **ATTORNEYS FOR DEFENDANTS**
    **Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates, Series 2007-HE1 and Ocwen Loan Servicing, LLC**

**Of Counsel:**

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

## Certificate and Notice of Filing

I certify that on April 21, 2015, Notice of Removal was sent to the District Clerk of Montgomery County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff's counsel.

                                          */s/ Courtney L. Stahl*
                                          Courtney L. Stahl

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via Certified Mail, Return Receipt Requested and First Class Regular Mail pursuant to the Federal Rules of Civil Procedure on April 21, 2015:

Kara Heflin
11133 Lake Drive West
Willis, Texas  77378
*Via CM/RRR: 7014 2870 0000 2456 7333*
*and First Class Regular Mail*

                                          */s/ Courtney L. Stahl*
                                          Courtney L. Stahl